## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN R. PERRY**<br>**826 Marietta Place, N.W.**<br>**Washington, D.C. 20011**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES POSTAL SERVICE,**<br><u>et</u> <u>al.</u>,<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 08-0033 (ESH)**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS

Defendants hereby move this Court, pursuant to Fed. R. Civ. P. 7(b) and 8(a), to dismiss the Complaint filed by <u>pro se</u> Plaintiff, John R. Perry, who is proceeding <u>in forma pauperis</u>, for failure to provide adequate notice of plaintiff's claims[1] or, in the alternative, to dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because the claims asserted in the complaint were previously litigated and are therefore barred under <u>res judicata</u> and collateral estoppel. The alternative relief is requested because, to the extent that the United States Postal Service ("USPS") has been able to identify the termination decision challenged by plaintiff, the USPS's removal decision was previously affirmed by the Merit Systems Protection Board ("MSPB") in <u>John R. Perry v. U.S. Postal Service</u>, 46 M.S.P.R. 425 (MSPB 1990) (slip opinion with certificate of service attached as Exhibit A), <u>aff'd by</u> 937 F.2d 623 (table), 1991 WL 944472 (Fed. Cir. 1991), <u>cert. denied</u>, 502 U.S.

---

[1] By filing this motion, defendants do not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b), and failure to exhaust administrative remedies. Due to the complaint's lack of clarity, however, defendants are not in a position to assert the defenses that may be available.

1008 (1991) (attached as Exhibit B).

The grounds for this motion are set forth more fully in the attached memorandum of points and authorities in support hereof.  Defendants submit a proposed Order consistent with the relief sought in this motion.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN R. PERRY**<br>**826 Marietta Place, N.W.**<br>**Washington, D.C. 20011**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES POSTAL SERVICE,**<br>**et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 08-0033 (ESH)**<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully submit this memorandum of points and authorities in support of defendants' motion to dismiss the complaint filed by pro se plaintiff, John R. Perry, who is proceeding in forma pauperis, pursuant to Fed. R. Civ. P. 7(b) and 8(a), for failure to provide adequate notice of his claims or, in the alternative, to dismiss the complaint as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2), because the claims are barred under the doctrines of res judicata and collateral estoppel. The alternative relief is requested because, to the extent that the United States Postal Service ("USPS") has been able to identify the termination decision challenged by plaintiff, the USPS's removal decision was previously affirmed by the Merit Systems Protection Board ("MSPB").

**BACKGROUND**

Plaintiff's two-paragraph complaint avers that:

> I John Perry am requesting a reinstatement with all promotions and pay increase that I would have received with the United States Postal Service. There were no legal grounds for termination as stated by the unemployment agency. I would also like for my retirement to be replaced with full benefits. Since this has happen I have lost my home, vehicle, and been under mental distress. My last and final request is one million dollars in compensation.

> Again I will just like to add this all of these actions were taking on no public grounds.

Defendant USPS is currently aware of one former employee named "John R. Perry," of "826 Marietta Place, N.W., Washington, D.C. 20011." The USPS's decision to terminate Mr. Perry was affirmed by the MSPB in John R. Perry v. U.S. Postal Service, 46 M.S.P.R. 425 (MSPB 1990) (slip opinion with certificate of service attached as Exhibit A), aff'd, 937 F.2d 623 (table), 1991 WL 944472 (Fed. Cir. 1991), cert. denied, 502 U.S. 1008 (1991) (attached as Exhibit B). Specifically, the MSPB ruled:

> For the reasons discussed in this Opinion and Order, the Board DENIES [Mr. Perry]'s petition for review of the initial decision issued on January 26, 1989, which sustained his removal . . . The Board REOPENS this case on its own motion . . . to address [Mr. Perry]'s affirmative defense of reprisal. We AFFIRM the initial decision as MODIFIED by this Opinion and Order, still sustaining [Mr. Perry]'s removal

46 M.S.P.R. at 427. The certificate of service for the MSPB decision lists the respondent in that case as "John R. Perry" of "826 Marietta Place, N.W., Washington, D.C. 20011" (Ex. A). That is the same address for the "John R. Perry," who filed the instant case. Mr. Perry appealed the adverse MSPB decision to the Federal Circuit, which affirmed the MSPB decision (see Ex. B).

In addition, "John R. Perry" of "826 Marietta Place, N.W., Washington, D.C. 20011" filed

two complaints in D.C. Superior Court in 1990 against officials of the MSPB. Both cases, No. 90-cv-467 (TFH) and No. 90-cv-1164 (LFO), were removed to this Court, and dismissed in 1990 (see Ex. C and D) ( case docket sheets printed from PACER). The defendants in those cases were sued as MSPB officials and bear the virtually identical names as the putative USPS officials sued as defendants in this case. Specifically, Mr. Perry sued Daniel R. Levinson, P.J. Winzer, and Elizabeth B. Bogle as MSPB officials in Case No. 90-cv-467 (TFH), and Michael K. Martin and Daniel R.Levinson as MSPB officials in Case No. 90-cv-1164 (LFO). In this case, plaintiff sues Daniel R. Levison (sic), P.J. Wihzer (sic), Elizabeth B. Bogle and Michelle K. Martin (sic), as USPS officials. Defendant USPS has been unable to verify that these officials are now employed at the USPS.

<u>**DISCUSSION**</u>

**I.      The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a
         Cause of Action or Sufficient Facts to Support a Claim**

It is well established that even pro se litigants must comply with the Federal Rules of Civil Procedure,  Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Id.  This rule "accords the plaintiff wide latitude in framing his claims for relief."  Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action); cf. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (Pursuant to Rule 12(b)(6), plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face").

The purpose of the rule is to give "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine

3

whether the doctrine of res judicata is applicable.“ Id., 75 F.R.D. at 498 (citations omitted). “A pro se complaint like any other, must present a claim upon which relief can be granted by the court.” Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Plaintiff’s two-paragraph complaint requests a “reinstatement” with USPS, his former employer, but he does not allege the period of his employment or the date of his termination, and therefore the complaint should be dismissed pursuant to Rule 8(a).  See Brown, 75 F.R.D. at 499 (“Nor has plaintiff alleged with even modest particularity the dates and places of the transactions to which he complains.  It belabors the obvious to conclude that the complaint filed in this action falls far short of the admitted liberal standard set in F.R.Civ.P. 8(a).”).  Although plaintiff avers that “[t]here were no legal grounds for termination as stated by the unemployment agency,” he does not provide any further information about the alleged decision, does not attach a copy of the decision to the complaint, or otherwise allege the specific legal or jurisdictional bases on which he is challenging the USPS decision to terminate his employment (see Compl., unnumbered ¶ 1).

Accordingly, plaintiff’s complaint fails to meet the minimum requirements of even a pro se pleading.  He has failed to express any factual, legal, or jurisdictional bases for his claims.  The complaint not only fails to identify a specific cause of action, but completely fails to allege sufficient facts that would give defendant notice as to any possible cause of action or law allegedly at issue. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000) (plaintiff need not plead a prima facie case but under Rule 8, he is required to give the defendants fair notice of each claim and its basis) (citations omitted).  Thus, Plaintiff’s Complaint does not articulate any cognizable claims against Defendants, and should be dismissed.

## II.    Plaintiff's in Forma Pauperis Action Should Be Dismissed under 28 U.S.C. § 1915(e) Because the Complaint Is Barred under the Doctrines of Res Judicata

**and Collateral Estoppel**

The Court may dismiss an action being prosecuted <u>in forma pauperis</u> that is "frivolous or malicious" or "fails to state a claim on which relief may be granted." <u>See</u> 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff's complaint is subject to screening by this Court to determine if it is subject to dismissal under 28 U.S.C.§ 1915(e).  While the court must screen prisoner cases against a governmental entity at the initial stage of the litigation under 28 U.S.C. § 1915A, whose language overlaps with the language of 28 U.S.C. § 1915(e), the latter provision is "neither restricted to prisoners, nor to cases involving government defendants [and is] applicable throughout the entire litigation process." <u>See</u>, <u>e.g.</u>, <u>In re Prisoner Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6th Cir. 1997).  A dismissal of this action under 28 U.S.C. § 1915(e)(2) would be reviewable only for an abuse of discretion. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31-34 (1992) ("the <u>in forma pauperis</u> statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless'") (citation omitted).

---

[1]  Pursuant to 28 U.S.C. § 1915.  Proceedings <u>in forma pauperis</u>:

**(e)(1)**  The Court may request an attorney to represent <u>any person</u> unable to employ counsel.
**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss at any time if the court determines that–
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal–
    **(I)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e) (emphasis added).

"The doctrines of <u>res judicata</u> and collateral estoppel are designed to 'preclude parties from contesting matters that they have had a full and fair opportunity to litigate.'" <u>Carter v. Rubin</u>, 14 F. Supp. 2d 22, 33 (D.D.C. 1998) (quoting <u>Montana v. United States</u>, 440 U.S. 147-153-54 (1979)). These doctrines protect parties from the expense and burdens associated with multiple lawsuits, conserve judicial resources, and reduce the possibility of inconsistent decisions. <u>Id.</u> (citing <u>United States v. Mendoza</u>, 464 U.S. 154, 158-59 (1984); <u>Bailey v. DiMario</u>, 925 F. Supp. 801, 810 (D.D.C. 1995)). Under <u>res judicata</u>, or claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" <u>Id.</u> (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). Collateral estoppel, or issue preclusion, similarly bars "'relitigation of [an] issue in a suit on a different cause of action involving a party to the first case.'" <u>Id.</u> (quoting <u>Allen</u>, 449 U.S. at 94) (citing <u>Hardison v. Alexander</u>, 655 F.2d 1281, 1288 (D.C. Cir. 1981). <u>See also</u> <u>Bailey</u>, 925 F. Supp. at 810.

Plaintiff's first amended complaint is therefore barred under the doctrines of <u>res judicata</u> and collateral estoppel because any claims arising from the USPS decision to terminate his employment were litigated (or could have been litigated) before the MSPB almost two decades ago in <u>John R. Perry v. U.S. Postal Service</u>, 46 M.S.P.R. 425 (MSPB December 6, 1990), <u>aff'd by</u> 937 F.2d 623 (table), 1991 WL 944472 (Fed. Cir. 1991), <u>cert. denied</u>, 502 U.S. 1008 (1991) (<u>see</u> Ex. A and B). Plaintiff may not challenge the USPS's termination decision in the instant case by asserting the same claims that he raised (or could have raised) before the MSPB.

6

**<u>CONCLUSION</u>**

For the foregoing reasons, this Court should dismiss <u>pro se</u> Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings, <u>see</u> <u>Sparrow</u>, 216 F.3d at 1118, or, in the alternative, because the complaint filed by plaintiff, who is proceeding <u>in forma pauperis</u>, raises claims that have been previously litigated  and are therefore barred under the doctrines of <u>res judicata</u> and collateral estoppel.

Respectfully submitted,

<u>      /s/                                                      </u>
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

<u>      /s/                                                      </u>
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

<u>       /s/                                                     </u>
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division , Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was served by First-Class mail, postage

prepaid to:


JOHN R. PERRY
826 Marietta Place, N.W.
Washington, D.C. 20011


on this <u>11</u>th day of March, 2008.


_____/s/_____
JOHN G. INTERRANTE
Assistant United States Attorney

**EXHIBIT A**

UNITED STATES OF AMERICA    LABOR RELATIONS OFFICE
MERIT SYSTEMS PROTECTION BOARD    ROOM 2245

DEC ⸰ 1990

WASHINGTON, D.C. 20036-

|  |  |
|---|---|
| JOHN R. PERRY,<br>        Appellant,<br><br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br>        Agency. | DOCKET NUMBER<br>DC07528910053<br><br><br>DATE: **DEC − 6 1990** |

<u>Michael Sindram</u>, Washington, D.C., for the appellant.

<u>Willie Ruth Gray</u>, Washington, D.C., for the agency.

<u>BEFORE</u>

Daniel R. Levinson, Chairman
Antonio C. Amador, Vice Chairman
Jessica L. Parks, Member

## OPINION AND ORDER

For the reasons discussed in this Opinion and Order, the Board DENIES the appellant's petition for review of the initial decision issued on January 26, 1989, which sustained his removal, because the petition does not meet the criteria for review set forth at 5 C.F.R. § 1201.115. The Board REOPENS this case on its own motion under 5 C.F.R. § 1201.117, however, to address the appellant's affirmative defense of reprisal. We AFFIRM the initial decision as MODIFIED by this Opinion and Order, still sustaining the appellant's removal.

## BACKGROUND

The appellant timely filed a petition for appeal from the agency decision removing him from his position as a Supervisor of the Mails. The agency based its removal action on the appellant's unacceptable conduct, specifically sexual harassment of female casual employees in violation of Part 666.2 of the Employee and Labor Relations Manual and Postal Service policy regarding sexual harassment. *See* Initial Appeal File (IAF), Tab 3, Sub-tabs 12-14.

In his petition for appeal, filed October 24, 1988, the appellant simply stated that he was appealing the letter of decision. He did not request a hearing in his petition or in response to the Board's acknowledgment order informing him that he had 10 days to do so. *See* IAF Tabs 1 and 2. The agency response was timely submitted, and the administrative judge informed the parties that a telephonic status conference would be conducted on November 28, 1988 and that the record would close on December 3, 1988. *See* IAF, Tab 4. Because the agency had difficulty contacting the appellant and his representative, the administrative judge rescheduled the status conference from November 28, 1988, to December 5, 1988. *See* IAF, Tabs 5 and 6.

During the status conference, the appellant requested a hearing. The administrative judge denied the appellant's request as untimely, but she reopened the record for 2 weeks for receipt of written submissions. *See* IAF, Tab 6. In response, the appellant filed a written request for a

hearing, alleging that he had mailed an earlier request on November 7, 1988, and that the agency was not answering his interrogatories or requests for documents. *See* IAF, Tabs 7 and 8. The appellant also claimed that: The agency witnesses had been coerced by the agency to make statements regarding the appellant's sexual activity with casual employees;[1] other supervisors were also involved in transporting casual employees to the appellant's home in order to elicit sexual favors; the appellant was coerced into such activity; and after he terminated such activity he contacted his congressman, but then was removed in spite of his exemplary performance. *See* IAF, Tab 3. The appellant also asserted, *inter alia*, that the evidence against him was "manufactured" and that his removal was in reprisal for his contacting his congressman concerning his "employment problems" with the Postal Service. *See* IAF, Tabs 8 and 10.[2]

In the initial decision, the administrative judge affirmed the agency action. She noted that the appellant did not request a hearing in his petition for appeal, did not respond to the acknowledgment order which instructed him to request a hearing within 10 days if he wanted one, and did not inform the administrative judge that he wanted a hearing until December 5, 1988, 2 days after the date

---

[1]     Here the appellant apparently is referring only to allegations of sexual harassment made after he terminated coerced sexual activity with casual employees at his home.

[2]     After the record closed, the appellant also submitted a closing statement and a supplemental answer which were rejected as untimely by the administrative judge.

4

originally set for the close of the record. The administrative judge found unpersuasive the appellant's arguments that he made a timely request for a hearing on November 7, 1988, and that the address used by the Board for service on him was incorrect. She noted that the appellant had not submitted an affidavit explaining the circumstances surrounding the alleged mailing of his request for a hearing, that the appellant had provided an incorrect address to the Board, and that, regardless of this, the evidence did not show that he did not receive the material sent him by the Board. She found that the appellant was negligent in not ensuring that his request for a hearing was mailed to the proper address for the Board and in failing to participate in the processing of the case. Accordingly, she found that the appellant waived his right to a hearing.

The administrative judge also found that the agency charge of unacceptable conduct was supported by a preponderance of the evidence. She noted that, while the appellant argued that the agency's witnesses's statements were false, he submitted no additional statements for the Board's consideration. The administrative judge found that the statements of the agency's witnesses were more believable than the appellant's denial that he committed the misconduct and that it was inherently improbable that the four females would file similar false complaints. Therefore, she found that the witnesses's statements clearly established that the harassing conduct occurred, that it was

5

unwelcome, that it was of a sexual nature, and that it created an offensive working environment. Accordingly, she found that the agency had met its burden of proof. Further, she found that the agency considered relevant factors in making its penalty selection and that, in view of the appellant's supervisory position and in the absence of apparent mitigating factors, the selected penalty was within reasonable limits. The administrative judge made no finding concerning the appellant's charge of reprisal.

The appellant has filed a timely petition for review[3] in which he alleges that: The administrative judge erred because the appellant did not waive his request for a

---

[3]    After the close of the record, the appellant filed additional submissions, including a reply to the agency's response and an appeals examiner's decision regarding the appellant's claim for District of Columbia (D.C.) unemployment compensation. We have not considered the appellant's reply to the agency's response because the appellant has not shown that it is based on previously unavailable, new and material evidence. 5 C.F.R. § 1201.114(i). We have not considered the D.C. appeals examiner's decision because it is not material to the disposition of the appellant's Board appeal. We note that the D.C. appeals examiner found that the appellant could not be disqualified from unemployment compensation benefits because the agency's witness had no first-hand knowledge of the appellant's alleged actions; he testified to the statements of victims of the appellant's sexual harassment. Such hearsay evidence before the D.C. appeals examiner would have been admissible before the Board because strict adherence to the Federal Rules of Evidence is not mandatory in our administrative proceedings. *See, e.g., Shrider v. United States Postal Service*, 36 M.S.P.R. 650, 655 (1988). In any event, absent a showing of material evidentiary conflict or clearly erroneous legal decisions, mere inconsistency in result between the D.C. appeals examiner's decision and the decision of the Board's administrative judge constitutes no persuasive basis for further Board review. *See, e.g., Shelton v. Department of Labor*, 38 M.S.P.R. 1, 2 (1988); *Ahr v. Department of Justice*, 23 M.S.P.R. 238, 242 (1984).

6

hearing, and, in fact, had timely requested a hearing; the facts do not support his removal in light of the agency's failure to report his allegedly criminal conduct; he was denied his right to discovery because the agency did not answer his interrogatories; and the administrative judge was biased.   The appellant also has reiterated his claims that his removal was in reprisal for his contacting his congressman.

### ANALYSIS

The appellant's assertions, excepting his claim of reprisal, constitute mere disagreement with the administrative judge's findings and do not provide any basis for Board review.   See Weaver v. Department of the Navy, 2 M.S.P.R. 129, 133-34 (1980), aff'd, 669 F.2d 613 (9th Cir. 1982) (per curiam).

The record evidence belies the appellant's assertion that he had timely requested a hearing, and the appellant has submitted no evidence to contradict the administrative judge's conclusions that he was negligent in not pursuing the processing of his appeal.   The record shows that the appellant was on notice of the 10-day filing deadline for requesting a hearing, see IAF, Tab 2, and that he did not contact the administrative judge before the close of the record. ,See IAF, Tab 6.   The appellant has not shown error in the administrative judge's conclusion that the alleged copy of the November 7, 1988 letter was insufficient to show

that he timely and properly requested a hearing. *See Initial Decision* at 3. Under the circumstances of this case, the administrative judge correctly found that the appellant did not timely act to preserve his statutory hearing right and that his omission did constitute an implied waiver of that right. *See Brown v. Department of the Navy*, 21 M.S.P.R. 204, 205-06 (1984).[4]

The appellant's argument regarding the agency's failure to report the allegedly "criminal" conduct, *i.e.*, the sexual harassment, to the Postal Inspection Service is also without merit. The appellant argues that the agency's apparent decision not to report the behavior shows that there were no "grounds to constitute sexual harassment." An agency however, does not have to tolerate all behavior until the law has been violated before it enforces policy statements requiring certain workplace behavior. *See Carosella v. United States Postal Service*, 816 F.2d 638, 643 (Fed. Cir. 1987); *Tyler v. Department of the Army*, 38 M.S.P.R. 85, 90 (1988).

The record shows that the agency submitted statements by various witnesses which the appellant claimed were false, but which the administrative judge found credible, and that the appellant submitted no evidence which would establish

_____

[4]   We note that the administrative judge erroneously cited *"Brown"* as *"Morgan v. Department of the Navy."* Because the rest of the citation was correct, however, this error has not adversely affected the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

otherwise. Thus, we find that the appellant has submitted nothing which would tend to dispute the agency's evidence showing that the appellant's conduct, found offensive by several employees, and impacting on other employees' work habits, was sufficiently severe or pervasive to create an abusive working environment. *See Howard v. Department of the Air Force*, 877 F.2d 952, 955 (Fed. Cir. 1989) (for purposes of an adverse action, an employee's conduct can create an abusive working environment, even though the other employees' psychological well-being is not currently affected, if such conduct is of such severity that, if allowed to continue, it would seriously affect the psychological well-being of other employees); IAF, Tab 3, Subtab 7. The administrative judge correctly determined that the facts support the appellant's removal and that the agency satisfied its burden of establishing by a preponderance of the evidence that the alleged harassing conduct occurred. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 463 (1987).

The appellant's claim that he was denied his right to discovery because the agency did not answer his interrogatories is without merit in light of his failure to pursue his discovery request until after the close of the record. We note that the acknowledgment order informed the appellant of the procedures under 5 C.F.R. §§ 1201.71-1201.85, but that the appellant did not show that he, in fact, had submitted a discovery request to the agency. *See*

IAF, Tabs 2 and 6. Since he failed to take advantage of the procedures open to him prior to the close of the record, the appellant cannot now claim injury. See *Armstrong v. United States Postal Service*, 28 M.S.P.R. 45, 48 (1985).

The appellant's assertion that the administrative judge was personally and emotionally involved and therefore biased is nothing more than an unsubstantiated claim, also reflecting his disagreement with the administrative judge's findings. See *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

We reopen this appeal, however, because we find that the appellant raised an affirmative defense of reprisal and the administrative judge failed to address it.[5] Thus, the initial decision fails to conform to Board regulations which require that all issues, legal and factual, be addressed and resolved. See *Morey v. Department of the Navy*, 34 M.S.P.R. 97, 100 (1987); *Spithaler v. Office of Personnel Management*,

---

[5] The appellant's retaliation claim is not subject to the standards of the Whistleblower Protection Act, Pub. L. No. 101-12, 103 Stat. 16, 34 (1989). The Act's savings clause, as interpreted by the Board's regulations set forth at 5 C.F.R. § 1201.191(b), does not give employees the right to appeal to the Board an action that was taken before July 9, 1989, the effective date of the Act. See, e.g., *Herring v. Department of the Treasury*, 44 M.S.P.R. 673, 675-76 (1990). The agency's removal action here was effective October 14, 1988.

1 M.S.P.R. 587, 589 (1980).  We shall remedy this error here, however.

In order for an appellant to prevail on a contention of illegal retaliation, he has the burden of showing that: (1) A protected disclosure was made; (2) the accused official knew of the disclosure; (3) the adverse action under review could, under the circumstances, have been retaliation; and (4) there was a genuine nexus between the alleged retaliation and the adverse action.  *See Warren v. Department of the Army*, 804 F.2d 654, 656-56 (Fed. Cir. 1986); *Heller v. Department of the Air Force*, 28 M.S.P.R. 35, 41 (1985), *aff'd*, 795 F.2d 1019 (Fed. Cir. 1986) (Table).  The appellant here claimed that he was removed soon after he informed his congressman about the alleged sexual misconduct of agency supervisors, including the appellant himself.  *See* IAF, Tab 8.  He has not submitted any evidence that shows, however, that the agency removed him in reprisal for writing his congressman.  Although he alludes to the timing of the removal as showing retaliation, he has presented no evidence to support his contention that his letter-writing activity was a motivating factor for his removal.

In light of the appellant's failure to show any causal connection between his correspondence with his congressman and his removal, and in light of the agency's evidence supporting the charge of sexual misconduct, we find that the appellant has failed to carry his burden of proving, by a

preponderance of the evidence, that the agency engaged in reprisal against him.  See 5 C.F.R. §§ 1201.56(a)(2)(iii) and (b)(2).

## ORDER

This is the Board's final order in this appeal.  5 C.F.R. § 1201.113(c).

## NOTICE TO APPELLANT

You have the right to request the United States Court of Appeals for the Federal Circuit to review the Board's final decision in your appeal if the court has jurisdiction. See 5 U.S.C. § 7703(a)(1).  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

The court must receive your request for review no later than 30 calendar days after receipt of this order by your representative, if you have one, or receipt by you personally, whichever receipt occurs first.  See 5 U.S.C. § 7703(b)(1).

FOR THE BOARD:

Robert E. Taylor
Clerk of the Board

Washington, D.C.

## CERTIFICATE OF SERVICE

I certify that this OPINION AND ORDER was sent today:

By certified mail to:

Michael Sindram
2 Massachusetts Avenue, N.E.
No. 1079
Washington, DC 20013

By regular mail to:

John R. Perry
826 Marietta Place, N.W.
Washington, DC 20011

Willie Ruth Gray
United States Postal Service
900 Brentwood Road, N.E.
Washington, DC  20066-9403

Marjorie Marks
Office of Personnel Management
Employee Relations Division
1900 E Street, N.W., Room 7412
Washington, DC  20415

Merit Systems Protection Board
Washington Regional Office
5203 Leesburg Pike, Suite 1109
Falls Church, VA  22041-3473

By hand to:

Office of the Special Counsel
Merit Systems Protection Board
1120 Vermont Avenue, N.W.
Washington, DC  20419

DEC - 6 1990
_____
(Date)

Robert E. Taylor
Clerk of the Board

Washington, D.C.

**EXHIBIT B**

937 F.2d 623
937 F.2d 623, 1991 WL 94472 (C.A.Fed.) **(Cite
as: 937 F.2d 623, 937 F.2d 623 (Table))**

**H**

**Perry** v. U.S. Postal
Service C.A.Fed.,1991.
NOTICE: THIS IS AN UNPUBLISHED OPIN-
ION.(The Court's decision is referenced in a
"Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTAF
Rule 47.6 for rules regarding the citation of
unpublished opinions.)
United States Court of Appeals, Federal Circuit.
            **John R. PERRY** , Petitioner,
                        v.
UNITED STATES POSTAL SERVICE, Respond-
                      ent.
                **No. 91-3138.**

            June 6, 1991.

On Appeal from the Merit Systems Protection
Board, in Case No(s). DC07528910053. 46
M.S.P.R. 425.

AFFIRMED.

Before ARCHER, Circuit Judge, COWEN, Senior
Circuit Judge, and MAYER, Circuit Judge:

                  Judgment

PER CURIAM
**\*1** *AFFIRMED.* Fed.Cir.R. 36.

C.A.Fed.,1991.
Perry v. U.S. Postal Service
937 F.2d 623, 1991 WL 94472 (C.A.Fed.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

.

**<u>EXHIBIT C</u>**

TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:90-cv-00467-TFH

PERRY v. LEVINSON, et al
Assigned to: Chief Judge Thomas F. Hogan
Demand: $0
Case in other court: D.C. SUPERIOR CT., SC2482-90
Cause: 28:1442 Petition for Removal

Date Filed: 02/28/1990
Date Terminated: 04/30/1990
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**
**JOHN R. PERRY**                            represented by  **JOHN R. PERRY**
                                                             826 Marietta Place, N.W.
                                                             Washington, DC 20011
                                                             Fax: (202) 829-7673
                                                             PRO SE

V.

**Defendant**
**DANIEL R. LEVINSON**                       represented by  **Michael K. Martin**
                                                             MERIT SYSTEMS PROTECTION
                                                             BOARD
                                                             Office of the General Counsel
                                                             1120 Vermont Avenue, N.W.
                                                             Washington, DC 20419
                                                             Fax: (202) 653-7171
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**
**P. J. WINZER**                             represented by  **Michael K. Martin**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**
**ELIZABETH B. BOGLE**                       represented by  **Michael K. Martin**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/28/1990 | 1 | NOTICE by defendant of removal from Superior Court. (ew) (Entered: 03/01/1990) |
| 03/30/1990 | | STATUS HEARING before Judge Thomas F. Hogan : reporter: A. Thomson (gew) (Entered: 03/30/1990) |
| 03/30/1990 | 2 | ORDER by Judge Thomas F. Hogan : directing plaintiff within l0 days of the date of this order show cause why this case should not be dismissed for lack of jurisdiction. (N) (gew) (Entered: 03/30/1990) |
| 04/11/1990 | 3 | NOTICE OF DISMISSAL of case for lack of jurisdiction. (gew) (Entered: 04/11/1990) |
| 04/13/1990 | 5 | ORDER by Judge Thomas F. Hogan : that motion for judgment by default or in the alternative for summary judgment is denied as moot, case dismissed (N) (jda) (Entered: 04/18/1990) |
| 04/17/1990 | 4 | INTERROGATORIES and request to produce documents filed by plaintiff JOHN R. PERRY to defendants DANIEL R. LEVINSON, P. J. WINZER and ELIZABETH B. BOGLE (mf) (Entered: 04/18/1990) |
| 04/24/1990 | 6 | ORIGINAL FILE, certified copy of transfer order and docket sheet received from Superior Court of the District of Columbia (ker) (Entered: 04/25/1990) |
| 05/22/1990 | 7 | ORIGINAL FILE, certified copy of transfer order and docket sheet received from D.C. Superior Court (ajr) (Entered: 05/23/1990) |
| 06/28/1990 | 8 | MOTION by plaintiff JOHN R. PERRY to void order and reinstate causes of action , for Judge Thomas F. Hogan to release himself for interest in the case , and to substitute defendants Levinson, Winzer, and Bogle for the United States of America ; Exhibit (2) "Let this be Filed" HOGAN, J. (ker) (Entered: 07/02/1990) |
| 09/12/1990 | 9 | ORDER (copy) filed in USCA denying the petition for writ of mandamus, memorandum. USCA#90-8023 (ela) (Entered: 09/12/1990) |
| 10/03/1990 | 10 | ORDER by Judge Thomas F. Hogan : denying motion to void order and reinstate causes of action [8-1] by JOHN R. PERRY, finding motion for Judge Thomas F. Hogan to release himself for interest in the case by JOHN R. PERRY [8-2] moot (N) (gew) (Entered: 10/05/1990) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/24/2008 11:29:29 | | |
| PACER Login: | du7540 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:90-cv-00467-TFH |

**EXHIBIT D**

TYPE-E

**U.S. District Court**
**District of Columbia (Washington, DC)**
**CIVIL DOCKET FOR CASE #: 1:90-cv-01164-LFO**

PERRY v. MARTIN, et al
Assigned to: Judge Louis F. Oberdorfer
Demand: $0
Case in other court: D.C. SUPERIOR CT., SC-10231-90
Cause: 28:1442 Petition for Removal

Date Filed: 05/17/1990
Date Terminated: 12/06/1990
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**JOHN R. PERRY**                    represented by    **JOHN R. PERRY**
                                                       826 Marietta Place, N.W.
                                                       Washington, DC 20011
                                                       Fax: (202) 829-7673
                                                       PRO SE

V.

**Defendant**

**MICHAEL K. MARTIN**                represented by    **Rita S. Arendal**
                                                       MERIT SYSTEMS PROTECTION
                                                       BOARD
                                                       Office of the General Counsel
                                                       1120 Vermont Avenue, N.W.
                                                       Washington, DC 20419
                                                       Fax: (202) 653-7171
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**DANIEL R. LEVINSON**               represented by    **Rita S. Arendal**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/17/1990 | 1 | NOTICE by plaintiff of removal from Superior Court; Attachment. (ew) (Entered: 05/22/1990) |

| 07/27/1990 | 2 | ORDER by Judge Louis F. Oberdorfer :directing counsel for defendants to file answer by 8/20/90. (N) (mon) (Entered: 07/27/1990) |
| 08/17/1990 | 3 | MOTION by defendant MICHAEL K. MARTIN, defendant DANIEL R. LEVINSON to dismiss (mf) (Entered: 08/20/1990) |
| 09/26/1990 | 4 | NOTICE TO COUNSEL AND PARTIES by Judge Louis F. Oberdorfer : plaintiff's response to dispositive motions due 10/15/90 or case will be treated as conceded and case will be dismissed. ; (N) (mon) (Entered: 09/26/1990) |
| 12/06/1990 | 5 | ORDER by Judge Louis F. Oberdorfer : granting motion to dismiss [3-1] by DANIEL R. LEVINSON, MICHAEL K. MARTIN (N) (mon) (Entered: 12/06/1990) |
| 12/06/1990 | 6 | MEMORANDUM OPINION by Judge Louis F. Oberdorfer (N) (mon) (Entered: 12/07/1990) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/24/2008 11:30:52 | | |
| **PACER Login:** | du7540 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 1:90-cv-01164-LFO |
| **Billable Pages:** | 1 | **Cost:** 0.08 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN R. PERRY** ) | |
| **826 Marietta Place, N.W.** ) | |
| **Washington, D.C.  20011** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 08-0033 (ESH)** |
| **v.** ) | |
| ) | |
| **UNITED STATES POSTAL SERVICE,** ) | |
| **<u>et</u> <u>al</u>.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Upon Consideration of Defendants' Motion to Dismiss Complaint, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that the complaint in this case is dismissed with prejudice.

It is **SO ORDERED** this _____ day of _____, 2008.

_____
Ellen S. Huvelle
United States District Judge